UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HUMBERTO VERDE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-2608 |
| | § | |
| **NATIONWIDE CAPITAL** | § | |
| **SERVICES, LLC,** | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND RECOMMENDATION**[1]

Plaintiff Humberto Verde ("Plaintiff"), proceeding *pro se,* filed a Request for Entry of Default against Nationwide Capital Services, LLC ("Nationwide") pursuant to Federal Rule of Civil Procedure ("Rule") 55(a).  (ECF No. 15).[2]

The Proof of Service was filed with the Court on September 15, 2025. (ECF No. 13).  The Proof of Service indicates the process server served the Summons and Complaint on "Rachel Noel, VP Entrepreneural [sic] Svcs, who is designated by law to accept service process on behalf of Nationwide Capital Services, LLC at 187 E. Warm Springs Rd. Ste. B, Las Vegas, NV 89119 on

---

[1] On June 25, 2025, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72.  (ECF No. 3).

[2] On August 29, 2025, the Court issued a Memorandum and Recommendation (ECF No. 11) recommending denial of Plaintiff's initial request for entry of default due to failure to provide proof of proper service under Federal Rule of Civil Procedure 4(c). That recommendation remains pending adoption by the District Judge.

9/12/2025 at 12:50 PM." (*Id*. at 2). The process server further states she delivered the documents to Rachel Noel, "who identified themselves as the person authorized to accept with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery." (*Id*.). According to the Nevada Secretary of State's online business records, the registered agent for Nationwide is "Registered Agent Solutions, Inc." ("RASi") and is located at 187 E. Warm Springs Road Suite B, Las Vegas NV, 89119.[3] An online search of this address results in "MyCompanyWorks, Inc." by RASi.[4] Based on this information, the Court finds Plaintiff effected proper service under Rule 4(h) and Nevada law. *See* FED. R. CIV. P. 4(e), (service may be made by following state law for serving a summons in the state where the district court is located or where service is made), (h) (service on a corporation may be made by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process); NEV. R. CIV. P. 4.2(c)(1) (service on a limited liability company must be made upon its registered agent or, if the agent cannot be found, on a managing member, officer, or other authorized individual). Under

---

[3] *See* SILVERFLUME NEVADA'S BUSINESS PORTAL https://esos.nv.gov/EntitySearch/OnlineEntitySearch (last visited Oct. 28, 2025); REGISTERED AGENT SOLUTIONS INC https://www.rasi.com (last visited Oct. 28, 2025).

[4] *See* MYCOMPANYWORKS https://www.mycompanyworks.com/about (last visited Oct. 28, 2025).

Rule 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after being served with the summons and complaint.

Nationwide, through counsel or otherwise, has not filed an Answer or otherwise responded to the Complaint within 21 days after being served. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Finding that Plaintiff has complied with the requirements of Rule 55(a), the Court **RECOMMENDS** Plaintiff's request for entry of default against Defendant (ECF No. 15) be **GRANTED** and **RECOMMENDS** the clerk be directed to enter default against Nationwide.

Further, if this Memorandum and Recommendation is adopted by the District Judge, Plaintiff is **ORDERED** to:

1. Move for judgment by default, certifying the notice to Nationwide by certified mail (return receipt requested) as required by Southern District of Texas Local Rule 5.5;

2. Submit affidavits with supporting documentation of Plaintiff's damages, including self-explanatory computation of any prejudgment interest sought;

3. Submit affidavit evidence on attorney's fees, including an explanation of reasonable charges for the necessary service in prosecution of this case; and

4. Submit a proposed Final Judgment.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on October 28, 2025.

_____
Richard W. Bennett
United States Magistrate Judge