# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| HUMBERTO VERDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-2608 |
| | § | |
| NATIONWIDE CAPITAL | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION[1]

Pending before the Court is *pro se* Plaintiff Humberto Verde's ("Plaintiff") Motion for Default Judgment against Defendant Nationwide Capital Services, LLC ("Nationwide") (ECF No. 21) and Motion for Ruling on this Pending Motion (ECF No. 26). Nationwide has filed an opposition to Plaintiff's Motion for Default Judgment, contesting the scope of damages requested. (ECF No. 22). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS GRANTING IN PART** and **DENYING IN PART** Plaintiff's Motion for Default Judgment (ECF No. 21), and **DENYING AS MOOT** his Motion for Ruling on Pending Motion for Default Judgment (ECF No. 26).

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 3).

## I.      Background

On June 5, 2025, Plaintiff, proceeding *pro se*, filed his Complaint against Nationwide, claiming violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (ECF No. 2). Plaintiff alleges that since September 2024, Nationwide, a debt collection agency, engaged in unlawful collection practices in connection with an alleged consumer debt. (*Id.* at 1–3). Specifically, Plaintiff contends Nationwide "failed to validate the debt before continuing collection efforts," continued to communicate after receiving a Plaintiff's cease communication notice in March 2025, and made false and misleading representations regarding potential legal action and the status of the debt. (*Id.* at 3–6).

After initial deficiencies in service were cured, Nationwide was properly served on September 12, 2025. (ECF No. 13). After Nationwide failed to timely respond, Plaintiff filed a renewed Request for Entry of Default pursuant to Federal Rule of Civil Procedure ("Rule") 55(a). (ECF No. 15). The Court recommended entry of default, which the District Judge adopted. (ECF Nos. 16, 19). The Clerk entered default on November 21, 2025. (ECF No. 20).

Plaintiff subsequently filed the present Motion for Default Judgment seeking $6,943.00 in damages, consisting of statutory damages, emotional distress damages, and various costs. (ECF No. 21). Defense counsel for

Nationwide entered an appearance and filed an opposition to the requested damages, arguing that any award should be reduced. (ECF No. 22). Plaintiff filed a reply (ECF No. 25) and a motion for a ruling on the pending motion (ECF No. 26).

## II.   Legal Standard

Under Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the entry of default, a party can apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Default judgments are "available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* The Fifth Circuit has explained:

> The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true. The corollary of this rule, however, is that a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.

3

*Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citation modified). The Court must therefore determine whether the pleadings establish a viable claim and whether the requested relief is appropriate. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (employing the same analysis used to determine sufficiency under Rule 8 in analyzing whether factual allegations are sufficient to support a default judgment). Damages must be proven, even in the context of default. *See United States use of M-Co Constr., Inc. v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987) ("[A default judgment] does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.")

Accordingly, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, the plaintiff should receive. *See Martinez v. Williams Rush & Assocs. LLC*, No. 1:24-cv-01480, 2025 WL 2182330, at *2 (W.D. Tex. Apr. 3, 2025), *report and recommendation adopted*, No. 1:24-cv-1480, 2025 WL 2598374 (W.D. Tex. Sep. 8, 2025) (citations omitted).

## III.  Discussion

### A. Default Judgment is Procedurally Warranted

Courts in the Fifth Circuit consider six factors when determining whether default judgment is appropriate: (1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would set aside the default on the defendant's motion.[2]  *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

These factors weigh in favor of default judgment as to liability. Nationwide was properly served and failed to timely respond.  (*See* ECF Nos. 13, 16).  By virtue of Nationwide's default, there are no material facts in dispute, *see Nishimatsu Const. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]"), and Plaintiff is prejudiced by the delay in obtaining relief, *see J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) ("Defendants' failure to respond threatens to bring the adversary process to a

---

[2] In response to the motion for default judgment, Nationwide does not contest the entry of default; but rather disputes the appropriateness of Plaintiff's requested damages. (ECF No. 22).

halt, effectively prejudicing Plaintiff's interests.") (internal quotations omitted). There is no indication that Nationwide's default was caused by a good-faith mistake or excusable neglect.

Although Nationwide has now appeared to contest damages, this does not disturb the propriety of default as to liability. As such, the Court finds default judgment is procedurally warranted.

### B. Plaintiff States Viable FDCPA Claims

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To state a claim under the FDCPA, Plaintiff must show that: "(1) he was the object of a collection activity arising from a consumer debt; (2) [Defendant] is a debt collector as defined by the FDCPA; and (3) [Defendant] engaged in an act or omission prohibited by the FDCPA." *Martinez*, 2025 WL 2182330, at *3 (citing *Manuel v. Merchants & Pro. Credit Bureau, Inc.*, 402 F. Supp. 3d 361, 368 (W.D. Tex. 2019) (citing *Reynolds v. Medicredit, Inc.*, No. 5:18-cv-99, 2019 WL 266974, at *3 (W.D. Tex. Jan 18, 2019))).

Plaintiff sufficiently alleges that he is a consumer and that Nationwide is a debt collector. (*See* ECF No. 2 at 1). The next question is whether the Complaint plausibly alleges violations of the FDCPA. Plaintiff alleges Nationwide violated the following provisions of the FDCPA: 15 U.S.C. §§

1692c(c), 1692(g)(b), 1692e(5), and 1692e(10). (*Id.* at 2–3, 6). The Court will address each section in turn.

### 1. § 1692c(c)

Title 15 U.S.C § 1692c pertains to communication in connection with debt collection. Section 1692c(c) provides that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt," except for a few exceptions not applicable here. "If such notice from the consumer is made by mail, notification shall be complete upon receipt." *Id.*

Plaintiff alleges that, on March 24, 2025, he sent Nationwide a written cease-communication request and that Nationwide continued collection efforts thereafter. (ECF No. 2 at 4). Plaintiff attached to his Complaint a certified mail receipt for the letter he sent and a corresponding affidavit. (*Id.* at 10–11). Accepting Plaintiff's allegations as true, the Court finds Plaintiff states a claim under § 1692c(c).

### 2. § 1692g(b)

Title 15 U.S.C § 1692g pertains to validation of debts. Section 1692g(a) states that "[w]ithin five days after the initial communication with a consumer

in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing" certain information about the debt, "unless [such] information is contained in the initial communication or the consumer has paid the debt." Section 1692g(b) provides that "[i]f the consumer notifies the debt collector in writing within [30 days] that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and mails to the consumer "a copy of such verification."

Plaintiff alleges that Nationwide continued collection activity without providing adequate validation, including failing to provide key documentation such as payment history and chain of assignment. (ECF No. 2 at 3–5). Plaintiff contends that although Nationwide mailed a packet purporting to validate the alleged debt in May 2025, Nationwide "failed to include a full payment history, monthly account statements, or any itemization of how the balance . . . was calculated." (*Id.* at 4–5). Additionally, Plaintiff alleges Nationwide "provided no bill of sale, affidavit of assignment, or any other documentation proving that the debt had been legally transferred from the original creditor to [Nationwide]." (*Id.* at 5). These allegations, taken as true, are sufficient to support a violation of § 1692g(b).

### 3. § 1692e(5) and § 1692e(10)

Title 15 U.S.C § 1692e pertains to false or misleading representations. Under this section, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* The statute proscribes that the following conduct, among others, is a violation of this section: "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C § 1692e(5), (10). Plaintiff alleges Nationwide threatened legal action and falsely represented that validation had occurred. (ECF No. 2 at 3). The Court finds these allegations plausibly state claims under §§ 1692e(5) and 1692e(10).

Accordingly, Plaintiff has established liability under the FDCPA.

**C. Damages**

"A defendant's default concedes the truth of the allegations of the complaint concerning the defendant's liability, but not damages." *Martinez*, 2025 WL 2182330, at *10 (citing *Shipco Gen. Inc.*, 814 F.2d at 1014). "Ordinarily, damages will not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

"However, when the amount of damages or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary." *Id.* (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). "A sum capable of mathematical calculation is one that can be 'computed with certainty by reference to the pleadings and supporting documents alone.'" *Id.* (citing *James*, 6 F.3d at 311). "Because the amount of damages and costs in this case can be ascertained with reference to the pleadings and supporting documents, the undersigned may determine the amount of damages [Nationwide] owes based on the record." *Id.* at *11 (assessing various damages requested at default judgment stage based on the record where *pro se* litigant brought FDCPA action).

### 1. Statutory Damages

The FDCPA allows statutory damages up to $1,000. *See* 15 U.S.C. § 1692k(a)(1), (2)(A) (providing that any debt collector who fails to comply with the statute with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure; or (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000). In determining the appropriate amount, courts consider "the frequency and persistence of noncompliance by the debt collector, the nature of such

noncompliance, and the extent to which such noncompliance was intentional." *Id.* § 1692k(b)(1).

Here, Plaintiff alleges a limited number of communications: two phone calls and several letters, along with continued activity after he sent a cease-communication request. (ECF No. 2 at 3–5). While this conduct supports a finding of liability, it does not reflect the level of frequency or persistence typically associated with maximum statutory damages. Courts in similar cases have awarded reduced statutory damages where the volume of conduct is limited. *See, e.g.*, *Caldera v. RMA Recovery Grp. LLC*, No. 5-18-cv-00807, 2020 WL 3883257, at *5 (W.D. Tex. July 9, 2020), *report and recommendation adopted*, No. 5:18-cv-807, 2020 WL 13609422 (W.D. Tex. Aug. 17, 2020) (awarding $250 in statutory damages where plaintiff alleged at least one contact and failed to show threats or intentional conduct); *Jung v. Accredited Mgmt. Sols. LLC*, No. 20-cv-0487, 2020 WL 4569994, at *6 (S.D. Tex. Aug. 6, 2020) (awarding $500 in statutory damages based on two violative communications); *cf. Davis v. JTM Cap. Mgmt., LLC*, No. 4:19-cv-00775, 2020 WL 7366352, at *8 (E.D. Tex. Nov. 12, 2020), *report and recommendation adopted*, No. 4:19-cv-00775, 2020 WL 7364602 (E.D. Tex. Dec. 15, 2020) (awarding maximum $1,000 in statutory damages where plaintiff alleged nine communications).

Accordingly, based upon Plaintiff's allegations, the Court recommends an award of $600.00 in statutory damages.

2. Actual Damages

Plaintiff seeks $3,000.00 for emotional distress. (ECF No. 21 at 4). "To recover for emotional distress damages, a plaintiff must 'provide specific evidence of the nature and extent of the harm' and 'make more than vague allegations to support his claim.'" *Martinez*, 2025 WL 2182330, at *12 (citation omitted). "Courts must 'scrupulously analyze an award of compensatory damages for a claim of emotional distress predicated exclusively on the plaintiff's testimony.'" *Id.* (citation omitted).

Plaintiff's allegations consist of generalized statements of anxiety, sleeplessness, stress, and the death of his brother in August 2024. (ECF No. 21 at 4). While the Court acknowledges Plaintiff's personal circumstances, the record lacks specific, non-conclusory evidence demonstrating the extent of emotional harm. Courts routinely deny emotional distress damages under similar circumstances. *See, e.g.*, *Martinez*, 2025 WL 2182330, at *12 (collecting cases and recommending declining awarding emotional-distress damages for FDCA violations because the plaintiff's "conclusory assertions" were nothing more than "vague allegations").

12

Accordingly, the Court recommends that Plaintiff's request for actual damages based on emotional distress be denied.

### 3. Costs

Plaintiff seeks $2,943.00 in "economic damages," comprising of postage, supplies, his court filing fee, and time spent litigating the case. (ECF No. 21 at 4–5). The FDCPA allows plaintiffs who recover statutory damages under the Act to also recover costs. 15 U.S.C. § 1692k(a)(2)(A) (allowing statutory damages not exceeding $1,000); § 1692k(a)(3) (providing that "in the case of any successful action to enforce the foregoing liability," including liability pursuant to § 1692k(a)(2)(A), plaintiffs can recover costs); *see Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 789–90 (E.D. Tex. 2023) (awarding costs without an award of actual damages).

The costs available to a prevailing party are generally set out in 28 U.S.C. § 1920, which allows for the following categories of taxable costs: (1) fees of the clerk and marshal; (2) fees for printed or electronic transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials used; (5) docket fees under section 1923; and (6) compensation of court appointed experts and interpreters. *See Griffin*, 680 F. Supp. 3d at 789; *see also Martinez*, 2025 WL 2182330, at *14 (citing *Griffin*, 680 F. Supp. 3d at 789–90 ("A district court may decline to

13

award costs set forth in § 1920 but may not award costs omitted from the statute.")).  A court may also award costs to prevailing parties under Rule 54(d).  FED. R. CIV. P. 54(d).

However, Plaintiff's request for compensation for time spent litigating is not recoverable, as *pro se* litigants are not entitled to attorney's fees under the FDCPA.  *See Martinez*, 2025 WL 2182330, at *14 ("The undersigned is aware of no authority supporting the award of attorney fees to a pro-se plaintiff under the FDCPA[.]").  Moreover, "§ 1920 says nothing about fees for private service of process, and the Fifth Circuit has held that 'costs for private process servers are not recoverable, absent exceptional circumstances.'"  *Griffin*, 680 F. Supp. 3d at 790 (citing *Zastrow v. Hou. Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017)) (finding plaintiff did not show exceptional circumstances to recover costs for private service of process).  Plaintiff has shown no exceptional circumstances here.

Further, "[c]osts of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity."  *Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369, 371–72 (E.D. Tex. 2007) (citing 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)).  While the party seeking costs does not have to identify every copy made for use in the proceedings, "it must demonstrate some connection between the costs incurred

14

and the litigation." *Id*. at 372 (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)). "Charges for multiple copies of documents, attorney correspondence, and other such items are not recoverable." *Id*. Lastly, "[m]iscellaneous expenses, such as postage, facsimiles, electronic legal research, and travel expenses are not recoverable under § 1920." *Id*. Based upon the information submitted by Plaintiff, the Court recommends awarding Plaintiff $405.00 in costs for the filing fee only.

In sum, the Court recommends that Plaintiff be awarded $600.00 in statutory damages and $405.00 in costs, for a total award of $1,005.00. All other requested relief should be denied.

## IV.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment (ECF No. 21) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court should:

- Enter default judgment in favor of Plaintiff on his FDCPA claims;

- Award Plaintiff **$600.00** in statutory damages;

- Award Plaintiff **$405.00** in costs;

- Deny Plaintiff's request for actual damages and all other relief.

The Court **FURTHER RECOMMENDS** Plaintiff's Motion for Ruling on Pending Motion for Default Judgment (ECF No. 26) be **DENIED AS MOOT**.

15

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on April 21, 2025.

Richard W. Bennett
United States Magistrate Judge

16