United States District Court
Southern District of Texas

**ENTERED**

June 03, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HUMBERTO VERDE, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-02608 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| NATIONWIDE CAPITAL | § | |
| SERVICES, LLC, | § | |
| Defendant. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Humberto Verde proceeds here *pro se*. He brings claims under the Fair Debt Collection Practices Act, 15 USC §1692 against Defendant Nationwide Capital Services, LLC. Dkt 2 (complaint). Defendant failed to timely answer the complaint, and entry of default was entered against it. See Dkts 15 (request for entry of default), 19 (order entering default) & 20 (entry of default).

Plaintiff then filed the present motion for default judgment, seeking a total of $6,943.00, comprised of statutory damages, emotional distress damages, and various costs. Dkt 21. Defendant then appeared and filed an opposition to the requested damages, arguing that any awarded damages should be significantly reduced. Dkt 22.

This action was referred for disposition to Magistrate Judge Richard W. Bennett. Dkt 3. He issued a Memorandum and Recommendation recommending that the motion for default judgment be granted in part and denied in part. Dkt 27. Specifically, he recommends (i) entering default judgment in favor of Plaintiff on his FDCPA claims, (ii) awarding Plaintiff $600.00 in statutory damages, (iii) awarding Plaintiff $405.00 in costs, and

(iv) denying Plaintiff's request for actual damages and all other relief. Id at 15.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections, arguing that (i) the maximum of $1,000.00 in statutory damages should be awarded based on "the volume and intentional nature" of Defendant's conduct, (ii) actual damages for emotional distress should be awarded based on his supplemental declaration, and (iii) additional costs should be awarded for private process service fees and postage expenses. Dkt 28. Defendant opposed such objections. Dkt 29.

Upon *de novo* review and determination, Plaintiff's objections lack merit.

*As to the first objection,* the Magistrate Judge appropriately concluded that the limited "frequency or persistence" of the communications at issue—including two phone calls and several letters, along with continued activity after Plaintiff sent a cease-communication letter—didn't warrant imposition of statutory maximum damages. See Dkt 27 at 11. Relevant case law supports such determination. See *Davis v JTM Capital Management, LLC*, 2020 WL 7366352, *8 (ED Tex) (awarding maximum statutory damages where plaintiff alleged nine communications, including two phone calls and seven voicemails). Statutory damages of $600 thus fairly compensate Plaintiff for Defendant's conduct in this action.

*As to the second objection,* the Magistrate Judge finding found that the record lacked "specific, non-conclusory

2

evidence demonstrating the extent of emotional harm" caused by Defendant's conduct. Dkt 27 at 12. Plaintiff submits a supplemental declaration in this respect to provide more specificity in that regard. Dkt 28 at 8–9.

"While a court can consider new evidence presented in objections to a magistrate judge's memorandum and recommendation, it does not have to." *AET Tankers (Suezmax) PTE, Ltd v Huff*, 2026 WL 35978, \*4 (SD Tex), citing *Davis v Fernandez*, 798 F3d 290, 292 (5th Cir 2015). "Rather, the district court has discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted." *Davis*, 798 F3d at 292.

The declaration may properly be disregarded, as nothing prevented Plaintiff from submitting these further allegations with his motion for default judgment. But even if considered, the supplemental declaration largely concerns the contemporaneous passing of Plaintiff's brother. Dkt 28 at 8. This is without doubt sympathetic, but it continues to lack the specificity necessary to establish that Defendant's conduct caused a quantifiable amount of emotional distress. See Dkt 27 at 12. In particular, no amount is attributed to any interruption in work performance or daily routine, and Plaintiff concedes he sought no professional help. Dkt 28 at 9.

The Magistrate Judge thus appropriately concluded that Plaintiff's allegations regarding emotional harm were too conclusory to support emotional-distress damages. Dkt 27 at 12–13.

*As to the third objection,* the Magistrate Judge properly determined that no "exceptional circumstances" justified awarding costs for the private process server. Id at 14, citing *Zastrow v Houston Auto M. Imports Greenway, Ltd*, 695 F Appx 774, 780 (5th Cir 2017): "[C]osts for private process servers are not recoverable, absent exceptional circumstances." And as to postage, such expenses simply aren't recoverable under 28 USC §1920. Id at 15, citing *Halliburton Energy Services, Inc v M-I, LLC*, 244 FRD 369, 372 (ED Tex 2007): "Miscellaneous expenses such as postage, facsimiles, electronic legal research, and travel

3

expenses are not recoverable under §1920." This objection fails as well.

The objections fail to otherwise demonstrate legal error on the part of the Magistrate Judge.

The objections by Plaintiff to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 28.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 27.

The motion by Plaintiff Humberto Verde for default judgment is GRANTED IN PART and DENIED IN PART. Dkt 21.

It is GRANTED that judgment by default be ENTERED in favor of Plaintiff Humberto Verde against Defendant Nationwide Capital Services, LLC, on all FDCPA claims.

Defendant Nationwide Capital Services, LLC, is ORDERED to pay Plaintiff Humberto Verde $600.00 in statutory damages, together with $405.00 in costs, for a total of $1,005.00.

All other relief requested by Plaintiff is DENIED.

A final judgment will enter separately.

SO ORDERED.

Signed on ____June 03, 2026____, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

4